

USDS SDNY
DOC[...]
[...]ALLY FILED
DOC #: _____
DATE FILED: 4-30-12

Michael Schwartz
570 Seventh Ave.
20th Floor
New York, NY 10018

Tel: (212)-986-4500
Fax: (212)-986-4501
mschwartz@hhplawny.com

April 30, 2012

**VIA FACSIMILE**
Hon. P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**MEMO ENDORSED**

Proposed schedule and procedure is approved.
SO ORDERED
[signature]
USDJ
4-30-12

RE:   *In Re: Bank Of America Corp. Securities, Derivative, And Employee Retirement Income Security Act (ERISA) Litigation*, 09-CV-00808 (PKC);

*In re Bank of America Corporation Stockholder Derivative Litigation.*, C.A. No. 4307-CS (Del. Ch. Ct)

Dear Judge Castel:

We are court-appointed co-lead counsel in *In re Bank of America Corporation Stockholder Derivative Litigation*, C.A. No. 4307-CS (Del. Ch. Ct) (the "Delaware Derivative Action"). Pursuant to the Order to Show Cause entered by this Court on April 13, 2012, the Delaware Derivative Plaintiffs will file their Reply in Further Support of Petition for an Order To Show Cause (the "Petition") on May 4, 2012. The Reply Brief will refer to a limited number of evidentiary materials that the Delaware Derivative Plaintiffs believe to be material to their Petition, *i.e.*, "judicial documents," under *Lugosch v. Pyramid*, 435 F3d 110, (2nd Cir. 2006) ("*Lugosch*"). However, these judicial documents have been produced and designated "confidential discovery material" by Defendant Bank of America Corp., in both of the above-referenced actions.[1]

---

[1] *See, e.g.*, Stipulations and Orders Governing the Production and Exchange of Confidential Material, entered in in *In Re: Bank Of America Corp. Securities, Derivative, And Employee Retirement Income Security Act (ERISA) Litigation* (the "S.D.N.Y. Actions") on January 20, 2010, and entered in the Delaware Derivative Action on December 21, 2009. Furthermore, any confidential discovery material that was originally unique to the Delaware Derivative Action, such as transcripts of deposition testimony taken by the Delaware Plaintiffs, has now also been produced by Defendants to the plaintiffs in the S.D.N.Y. Actions.

HORWITZ, HORWITZ & PARADIS

Hon. P. Kevin Castel
April 30, 2012
Page 2

Plaintiffs do not believe the judicial documents they will refer to in their Reply Brief raise issues of "higher values" under *Lugosch*,[2] and therefore must be publicly filed for the Court to consider them. Nevertheless, Plaintiffs believe that Defendants should be afforded the opportunity to review Plaintiffs' Reply Brief to determine whether Defendants see a need to file an application pursuant to *Lugosch*. *See Equal Employment Opportunity Commission v. Kelly Drye & Warren LLP.*, No. 10 civ. 655 (LTS), 2012 U.S. Dist. LEXIS 28724, at *4 (S.D.N.Y. Mar. 2, 2012), citing *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) (the party seeking to maintain judicial documents under seal bears the burden of showing the higher values overcome the presumption of public access).

The parties have met and conferred and have been unable to agree upon a method for the Court to consider judicial documents in connection with the Petition without the public filing of the judicial documents. Plaintiffs sent a draft of this letter to Defendants at noon on Friday, April 27, 2012, seeking their consent to the proposal below. Plaintiffs have not received a response.

Therefore, Plaintiffs respectfully propose that the following will ensure compliance with *Lugosch*, afford Defendants the opportunity to demonstrate "higher values" and enable the Court to consider judicial documents material to the Petition (*see* Endorsed Letter, So Ordered April 18, 2012):

1. Delaware Derivative Plaintiffs serve redacted and unredacted versions of the Reply Brief and supporting papers on May 4, 2012;

2. Delaware Derivative Plaintiffs provide your Honor's Chambers redacted and unredacted versions of the Reply Brief and supporting papers on May 4, 2012;

---

[2] Confidentiality orders do not bear on the presumption favoring disclosure under *Lugosch*, as confidentiality orders issued for discovery purposes should not interfere with the presumption of public access to judicial documents. *See Cohen v. Gerson Lehrman Group, Inc.*, 09 Civ. 4352 (PKC), 2011 U.S. Dist. LEXIS 104510, at *3 (S.D.N.Y. Sept. 15, 2011).

HORWITZ, HORWITZ & PARADIS

Hon. P. Kevin Castel
April 30, 2012
Page 3

    3.    Delaware Derivative Plaintiffs file with the Clerk of the Court a redacted version of the Reply Brief and supporting papers on May 4, 2012, pending any potential *Lugosch* application made by Defendants, and a subsequent ruling on any such motion; and

    4.    Defendants be directed to file any application under *Lugosch* within five days of service of the Delaware Derivative Plaintiffs' Reply Brief and supporting papers. The Delaware Derivative Plaintiffs do not intend to oppose any *Lugosch* application.

Respectfully,

Michael A. Schwartz

cc: Mitchell Lowenthal, Esq. (via email)
    Lawrence Portnoy, Esq. (via email)
    Lewis S. Kahn, Esq. (via email)
    Joseph E. White, Esq. (via email)
    Curtis V. Trinko, Esq. (via email)
    Steven B. Singer, Esq. (via email)
    David Kessler, Esq. (via email)
    Frederic S. Fox, Esq. (via email)